AB:GK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – X

UNITED STATES OF AMERICA                    COMPLAINT

     - against -                                    (T. 18, U.S.C., §§ 1951, 2)

JAMES HICKS,                                    19-M-431
                  Defendants.

– – – – – – – – – – – – – – – – – – X

EASTERN DISTRICT OF NEW YORK, SS:

         TYLER S. MICELI, being duly sworn, deposes and states that he is a Special

Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), duly

appointed according to law and acting as such.

         On or about April 30, 2019, within the Eastern District of New York, the

defendant JAMES HICKS did knowingly and intentionally obstruct, delay and affect

commerce and the movement of articles and commodities in commerce, by robbery, to wit:

armed robbery of United States currency and cellular telephones from a commercial

establishment, a Sprint store, located in Brooklyn, New York.

         (Title 18, United States Code, Sections 1951 and 2)

         On or about May 6, 2019, within the Eastern District of New York, the

defendant JAMES HICKS did knowingly and intentionally obstruct, delay and affect

commerce and the movement of articles and commodities in commerce, by robbery, to wit:

armed robbery of cellular telephones from a commercial establishment, a Boost Mobile store, located in Queens, New York.

(Title 18, United States Code, Sections 1951 and 2)

The source of your deponent's information and the grounds for his belief are as follows:[1]

1.     I am a Special Agent assigned to the ATF and New York City Police Department ("NYPD") Joint Robbery Task Force, and have been involved in the investigation of numerous cases involving robberies and firearms offenses.  The information in this Complaint comes from my personal involvement in the investigation, a review of records of the ATF, NYPD and other government agencies, including video footage recorded by surveillance cameras, reports of victim interviews and conversations with other law enforcement officers.  Unless specifically indicated, all conversations and statements described in this affidavit are related in sum and substance and in part only.

2.     On or about April 30, 2019, at approximately 10:30 a.m., a male individual (the "Coconspirator") entered a Sprint cellular telephone store located at 1271 Fulton Street in Brooklyn, New York.  The Coconspirator was wearing a gray cap, gray sneakers, black outerwear, sunglasses, a button-up shirt, a tie, and dark pants.  At the time of the Coconspirator's entry, one store employee ("Victim 1") and another individual, later identified to be the defendant JAMES HICKS, were within the store.

---

[1]     Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

3.      While inside the Sprint store, the Coconspirator displayed a small, black firearm and ordered Victim 1 to "open the safe."  Victim 1 opened the cash register, from which the Coconspirator removed approximately $480 in U.S. currency.  The Coconspirator then instructed the Victim 1 and the defendant JAMES HICKS to go to the back room.  In the back room, the defendant assisted the Coconspirator in his removal of approximately 39 cell phones from a cabinet within the store's back room.  The Coconspirator fled from the store on foot holding a green and white bag containing the cell phones.  Surveillance video captured the Coconspirator during his time in the store.

4.      A video canvass of the vicinity of the store reveals that immediately prior to the robbery, the defendant JAMES HICKS walked alongside and engaged in extended conversation with the Coconspirator in a manner suggesting that he and the Coconspirator were working together to plan and execute the robbery of the Sprint store.

5.      On or about May 5, 2019, at approximately 11:47 a.m., the Coconspirator entered a Boost Mobile cellular telephone store located at 166-14 Jamaica Avenue in Queens, New York where one store employee ("Victim 2") was working.  The Coconspirator was reported to be well-dressed.

6.      While inside the Boost Mobile store, the Coconspirator displayed a small, black handgun and directed Victim 2 into the back of the store.  The Coconspirator then removed approximately 42 cell phones from within the store.  The Coconspirator fled from the store on foot.

7.      An extended video canvass of the vicinity surrounding the Boost Mobile store shows that shortly before the robbery, an individual later identified to be the defendant JAMES HICKS arrived with a shopping cart to the corner of 168th Street and Jamaica

Avenue in Queens, New York.  After the robbery, the Coconspirator arrived at the same street corner, where he dropped a white bag containing the stolen cell phones, after which the defendant JAMES HICKS took possession of the bag.

8.      The defendant JAMES HICKS was arrested on May 7, 2019.  Following his arrest, the defendant was read his Miranda rights, which he waived, agreeing to speak without an attorney present.  The defendant admitted to planning and assisting in the execution of the robberies of the Sprint cellular telephone store located at 1271 Fulton Street in Brooklyn, New York, and the Boost Mobile cellular telephone store located at 166-14 Jamaica Avenue in Queens, New York, with the Coconspirator.

9.      The cellular phones reported stolen from the Sprint cellular telephone store located at 1271 Fulton Street in Brooklyn, New York included a collection of Apple iPhones and Samsung cell phones, both of which were manufactured outside of the state of New York and therefore traveled in interstate commerce.

10.      The cellular phones reported stolen from the Boost Mobile cellular telephone store located at 166-14 Jamaica Avenue in Queens, New York included: (i) twenty-eight Apple iPhones; (ii) seven LG cell phones; (iii) five Samsung cell phones; and (iv) two Alcatel cell phones, all of which were manufactured outside of the state of New York and therefore traveled in interstate commerce.

WHEREFORE, your deponent respectfully requests that the defendant JAMES

HICKS be dealt with according to law.

S/ Tyler Miceli

_____

TYLER S. MICELI
Special Agent
Bureau of Alcohol, Tobacco, Firearms and
Explosives


Sworn to before me this
 8 th_____ day of May, 2019

S/ Peggy Kuo
_____
THE HONORABLE PEGGY KUO
UNITED STATES CHIEF MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK